United States Courts
Southern District of Texas
FILED

JUN 07 2011

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO.   *11 - 534* |
| | § | |
| NOKA SHIPPING COMPANY LIMITED | § | |

## MEMORANDUM OF PLEA AGREEMENT

1. The U.S. Attorney's Office for the Southern District of Texas and the Environmental
Crimes Section of the U.S. Department of Justice ("Government") and the defendant, Noka
Shipping Company, Ltd. ("Noka"), operator of the bulk carrier vessel M/V *FLORIN*
("*FLORIN*"), by and through its authorized representative, and the Defendant's counsel, pursuant
to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, state that they have entered into
an agreement, the terms and conditions of which are as follows:

## TERMS OF THE AGREEMENT

2. The Defendant, knowingly and voluntarily agrees to plead guilty to Counts One (1)
and Two (2) of the criminal indictment filed in this matter.  The pleas of guilty are to be entered
at the plea hearing by Defendant through a senior corporate officer authorized by resolution of
the Defendant's Board of Directors to enter pleas of guilty on Defendant's behalf in the Southern
District of Texas.  The government will not object to any motion by Defendant to appear through
counsel at sentencing.  By entering these guilty pleas, Defendant hereby admits that it is in fact
guilty of the offenses as set forth in the indictment and that the attached Joint Factual Statement

1



(Attachment 1) dated this same day is an accurate statement of its conduct and agrees that those facts establish guilt for the offenses charged beyond a reasonable doubt.

<u>THE CRIMINAL CHARGES AND MAXIMUM PUNISHMENT</u>

3.  Count One of the Indictment charges the defendant, Noka Shipping Company Limited, by and through its senior crew members on board the *FLORIN*, who were acting within the scope of their employment and for the benefit of said Defendant, with a knowing violation of the Act to Prevent Pollution from Ships (APPS), 33 U.SC. § 1908(a), for failing to maintain an accurate Oil Record Book as required by 33 C.F.R. §§ 151.25(a), (d) and (h).

4.  Count Two of the Indictment charges the Defendant, Noka Shipping Company Limited, by and through its senior crew members on board the *FLORIN*, who were acting within the scope of their employment and for the benefit of said Defendant with a knowing and willful violation of the Ports and Waterways Safety Act (PWSA), 33 U.S.C. 1232(b)(1), for failing to report the hazardous condition of uncorrected safety deficiencies and excessive amount of oil in the engine room, including oil in the vessel's water based fire suppression system that presented a fire and safety hazard on the M/V *FLORIN*, as required by 33 C.F.R. § 160.215.

5.  Defendant understands and agrees that the statutory penalties applicable to a corporate Defendant for each felony count of the offenses to which it is entering pleas of guilty are as follows:  a maximum fine of either five hundred thousand dollars ($500,000.00), or up to twice the gross gain or loss resulting from the unlawful conduct, pursuant to 18 U.S.C. § 3571(c) and (d), a term of probation of up to five (5) years, pursuant to 18 U.S.C. § 3561(c)(1), and a special assessment of four hundred dollars ($400.00), pursuant to 18 U.S.C. § 3013(a)(2)(B).  Defendant understands that, in addition to any other penalty, the Court may order the payment of restitution



to any victim of the offenses pursuant to the provisions of Title 18, United States Code, Section 3663. Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office if all required payments are not made immediately.

6. Defendant understands and acknowledges that, at sentencing, the Court is required to consider the United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a). Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight that provide guidance for the sentencing of corporate Defendants, must be considered by the Court, except that pursuant to USSG §§ 8C2.1 and 8C2.10, the United States Sentencing Guidelines which pertain to the sentencing of organizations do not determine the fine range in cases involving environmental and obstruction crimes, including the making of false statements, and the use of false writings. Instead, the fine is to be determined under 18 U.S.C. §§ 3553, 3571 and 3572. All other sections of Chapter Eight of the Sentencing Guidelines that are applicable to corporate Defendants are applicable to this case, including provisions for probation and community service.

<u>SENTENCING AGREEMENT</u>

7. The Government and Defendant agree that the sentence to be imposed by the Court, subject to court approval, include a total monetary penalty consisting of nine hundred thousand dollars ($900,000) plus the mandatory special assessments discussed below. The parties agree that the sentence should be imposed as follows:



a. <u>Criminal Fine.</u> The Defendant agrees that seven hundred fifty thousand dollars ($750,000 ) of the total monetary penalty shall be designated as a criminal fine. The fine should be allocated by counts as follows:  five hundred thousand dollars ($500,000) to Count One and two hundred fifty thousand dollars ($250,000) to Count Two.  At sentencing the Court shall have discretion under 33 U.S.C. § 1908(a) to award a portion of the criminal fine to individual whistleblowers; it is agreed that the fine money shall remain with the Clerk of Court until the sentencing Court apportions some component of the fine, if any, to persons who gave the Government information leading to a conviction in this matter.  Unless the Court rejects the Plea Agreement, the Defendant waives any claim to the fine money and waives any interest and argument that it might have with regard to the apportionment of the fine money.

b. <u>Mandatory Special Assessment</u>. The Defendant must pay a special assessment fee of four hundred dollars ($400.00) per count, which is due at sentencing.  The total amount of the special assessment is eight hundred dollars ($800.00).

c. <u>Community Service Payment</u>.  Defendant shall make a community service payment of one hundred and fifty thousand dollars ($150,000)  pursuant to §8B1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a).  Defendant agrees that the payment is not a "donation" and that it shall not seek a tax benefit or tax deduction for the payment in any jurisdiction.  Defendant further agrees that it is prohibited from using the fact of the payment in any public relations, marketing, or advertising activity.  Defendant shall make the community service payment payable to the National Marine Sanctuary

4



Foundation ("Foundation") for use in the Flower Garden and Stetson Banks National Marine Sanctuary ("FGBNMS"), headquartered in Galveston, Texas, to support the protection and preservation of natural and cultural resources located in and adjacent to the FGBNMS, including the following: the study and research of oil pollution on resources; the abatement, cleanup, and remediation of pollution in the FGBNMS; and the protection, monitoring and restoration of resources or injured resources located in or adjacent to the FGBNMS. The Foundation is established to solicit donations for the National Marine Sanctuaries Program (hereinafter the "Program") as authorized by 16 U.S.C. § 1442(b), and the Program is authorized to accept donations of funds pursuant to 16 U.S.C. § 1442(C) for the designation and administration of national marine sanctuaries. The Program is also authorized to accept grants from any federal agency or persons notwithstanding any provision of law which prohibits assistance otherwise. 16 U.S.C § 1442(f). The Program manages the FGBNMS, located approximately 75 miles from the Texas coast. The explicit goal of the Defendant's required community service is to fund environmental projects and initiatives designed for the benefit, preservation and restoration of the marine environment and the ecosystems of the Southern District of Texas. The one hundred fifty thousand dollars ($150,000) must be utilized within three years of sentencing absent approval from the Court.

    d. <u>Payments</u>. Defendant further agrees that if the terms of this Rule 11(c)(1)(C) Plea Agreement are accepted by the Court, that the criminal fine, special assessments, and community service payments shall be paid on the day of sentencing. Payment is to be made in the form of a check payable to "United States District Court Clerk."

5



Payment of the community service amount shall be made in the form of checks payable to the "National Marine Sanctuary Foundation."

8. As a further condition of this Plea Agreement the Defendant agrees to be placed on organizational probation, starting from the date of sentencing and lasting a term of five (5) years from the date of sentencing pursuant to 18 U.S.C. § 3561(c)(1) and USSG §§ 8D1.1 and 8D1.2. The terms of probation shall include the following specific provisions, in addition to the Court's standard conditions:

a.  No Further Violations. The Defendant shall not commit violations of the MARPOL Protocol, the Ports and Waterways Safety Act, federal, state, or local law, including the Act to Prevent Pollution from Ships and the Ports and Waterways Safety Act, and shall conduct its operations in accordance with the environmental laws of the United States.

b. Payments. The Defendant will make payment in full of the monetary amounts set forth herein including all special assessments, fines and restitution, and community service.

c. Vessels not permitted to trade in United States.  In lieu of a court monitored environmental compliance plan, Noka agrees that the *FLORIN* and each and every vessel owned, operated, manned, or managed by Noka, or for which Noka is designated as an ISM manager (collectively "Banned Vessels") is barred and banned, for the entire term of probation, from entering into, mooring, anchoring, docking at, or being present upon any port or terminal, anchorage, internal waters, navigable waters, or territorial sea of the United States.  However, Banned Vessels may transit the U.S. territorial sea if not bound for a port of place in the United States and the vessel is: (i) engaged in innocent

6



passage; and (ii) it does not stop, linger, anchor, attach to a mooring, bunker, offload cargo, transfer fuel, take on supplies or cargo, conduct business with any chandler, or call on any U.S. port, terminal, or offshore facility. Banned Vessels may also enter United States waters in cases of *force majeure*. For purposes of this Plea Agreement, the "territorial sea" extends 12 nautical miles from any U.S. baseline, regardless of whether that baseline is located on the North American mainland or an island state, possession, territory, or commonwealth. Noka agrees that it shall immediately notify the Government and the U.S. Probation Office in writing when a vessel meets the requirements of being included on the Banned Vessel list. Any vessel, which is or becomes owned, operated, manned, or managed by Noka, or for which Noka is or becomes designated as an ISM manager shall be subject to the conditions of probation as set forth in this Plea Agreement throughout the remainder of the probation term. At the earlier of sentencing or the start of a commercial agreement with Noka, the Defendant must notify owners, charterers, and officers of Banned Vessels in writing of this condition and the condition in paragraph. This paragraph is enforceable against the Defendant and/or all Banned Vessels as of the date of sentencing.

9. This Plea Agreement shall bind Defendant and its subsidiaries, including all subsidiaries that technically manage and/or man vessels, including but not limited to Noka and all successors-in-interest, if applicable, and all successors and assigns. During the five year probation period, the Defendant shall provide immediate, written notice to the Government and the United States Probation Office of any of the following: (i) any corporate name change; (ii) any purchase or sale of vessels; (iii) any agreement to operate, manage, be designated as an ISM manager for, or man any vessel; (iv) any change in the name, call sign, flag, owner, IMO

number, or other identifying information of any vessel owned, operated, managed, ISM-managed, or manned by Noka; (v) any purchase, sale, reorganization, transfer of a plurality or controlling interest, or divestiture of Noka; and  (vi) any other change impacting upon or affecting this Plea Agreement.  No change in name, change in corporate or individual control, business reorganization, bankruptcy, change in ownership, merger, change in legal status, sale or purchase of assets, or similar action shall alter or diminish the Defendant's obligations under this Plea Agreement.  Defendant further agrees that it will not engage in any business reorganization, transfer of ownership, corporate dissolution, or other business practice in order to avoid the obligations set forth in this Plea Agreement.

10.  The Defendant agrees that the criminal fine, special assessment, and community service payment are not dischargeable in bankruptcy or an insolvency proceeding and that the Defendant will not seek or cause to be sought a discharge or finding or dischargeability as to the criminal fine, special assessment, and community service payment.

11.  Defendant agrees that at the time of sentencing the Government may bring to the Court's attention, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

12.  Defendant agrees that it will provide all information requested by the United States Probation Office.

<u>CONSIDERATION</u>

13.  As part of this Agreement and solely because of the promises made by Defendant in this Agreement, the United States Attorney's Office for the Southern District of Texas and the Environmental Crimes Section of the United States Department of Justice agree not to criminally prosecute the Defendant in the Southern District of Texas for any criminal

8

environmental offenses related to the *FLORIN* in addition to those set forth in the Criminal Indictment and that are known to the Government at the time of the signing of this Plea Agreement.

14.    Defendant understands and agrees that neither the above paragraph nor this Plea Agreement limits the prosecuting authority of any other sections or divisions of the Department of Justice, including the U.S. Attorney of any other judicial district, or any other federal, state or local regulatory or prosecuting authorities.  Furthermore, this Plea Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of Defendant to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement.  This Agreement applies only to crimes committed by the Defendant and has no effect on any proceedings against any Defendant not expressly mentioned herein, including the actual or potential criminal liability of any individuals.

15.    This Plea Agreement does not limit the right of Defendant or the Government to speak at the time of sentencing or in connection with the pre-sentence investigation, consistent with the provisions set forth in this Plea Agreement and the Joint Factual Statement, to provide the Court or the United States Probation Office with evidence of all relevant conduct committed by Defendant.  The parties agree that at sentencing each will support the agreed disposition set forth in this Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

9

## WAIVERS

16. Defendant, through its authorized representatives is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give Defendant the right to appeal other aspects of the conviction. In consideration of this Agreement, Defendant knowingly and voluntarily agrees to waive the following rights:

      a. The right, conferred by 18 U.S.C. § 3742, to appeal any sentence imposed by the Court for the conviction of these offenses, except if the sentence imposed varies from that agreed upon above under Rule 11(c)(1)(C);

      b. The right to appeal any aspect of Defendant's conviction, including any pre-charge or pre-trial dispositions of motions or other issues; and

      c. The right to bring any collateral attack against Defendant's conviction or sentence, except as it may relate to the effectiveness of its legal representation or as permitted under subparagraph (a) above.

17. If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the Government may prosecute Defendant for any counts that were dismissed or not charged pursuant to this Plea Agreement. This Plea Agreement does not affect the right of the Government to appeal the sentence imposed by the Court.

18. The Defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", 18 U.S.C. § 3006A and the Defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous, or in bad faith.



## BREACH/WITHDRAWAL

19.  If the Government determines that Defendant has failed to comply with any provision of this Plea Agreement, or has committed any crime within the jurisdiction of the United States during the pendency of this Plea Agreement, the Government may, at its sole option, be released from its commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The Government may also pursue all remedies available under the law, irrespective of whether it elects to be released from its commitments under this Plea Agreement.  Defendant recognizes that no such breach by it of any obligation under this Plea Agreement shall give rise to grounds for withdrawal of its guilty plea.  Defendant understands that should any such breach of this Plea Agreement occur, the Government will have the right to use against Defendant before any grand jury, at any trial, hearing or for sentencing purposes, any statements made by its employees and agents, and any information, materials, documents or objects provided by Defendant to the Government pursuant to this Plea Agreement without any limitation.  In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations, pre-indictment delay, or the Speedy Trial Act for one hundred twenty (120) days following any breach of the Plea agreement, except to the extent that such defenses existed as of the date of the signing of this Plea Agreement.

20.  If the sentencing judge rejects this Plea Agreement, then it shall be null and void at the option of either the Government or Defendant.  In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations, preindictment delay, or the Speedy Trial Act for one hundred twenty (120) days following any

11

nullification or voiding of the agreement, except to the extent that such defenses existed as of the date of the signing of this Plea Agreement.

CORPORATE AUTHORIZATION

21.  Defendant represents that it is authorized to enter into this Plea Agreement and to bind itself and its subsidiaries to its terms.  At the time of signing this agreement, Defendant shall provide to the Government a written statement in the form of notarized legal documents certifying that Defendant is authorized to enter into and comply with all of the provisions of this Plea Agreement.  The resolutions further shall certify that Defendant's Board of Directors has authorized these actions, and that all corporate formalities for such authorizations have been observed.

22.  Defendant, through its authorized representatives acknowledges that it has entered into this Plea Agreement freely and voluntarily and that they have been fully advised by counsel, and that no threats or promises were made to induce it to enter the guilty pleas called for by this Plea Agreement.

23.  This Plea Agreement is the complete and only agreement between the parties.  No promises, agreements or conditions have been entered into other than those set forth in this Plea Agreement.  This Plea Agreement supersedes prior understandings, whether written or oral. This Plea Agreement cannot be modified other than in a written memorandum signed by the parties or on the record in court.  This Plea Agreement is effective upon signature by Defendant and all of the attorneys for the Government.



JOSE ANGEL MORENO
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

IGNACIA S. MORENO
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT & NATURAL
RESOURCES DIVISION

By:

JEFFERY S. MILLER
Assistant U.S. Attorney

5/11/2011
Date

By:

DAVID E. O'CONNELL
Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

5/10/2011
Date

I, Daniel Tadros, have explained to the Defendant Noka Shipping Company, Ltd., its rights with respect to the pending Information and Plea Agreement. I have informed the Defendant that the Sentencing Guidelines and Policy Statement have been deemed as "advisory" to the court pursuant to the Booker decision. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the Defendant the provisions of those guidelines that may apply in the case. I have carefully reviewed every part of the Plea Agreement and Joint Factual Statement with the Defendant. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

May 3rd 2011
Date

DANIEL A. TADROS, Esq.
Counsel for the Defendant
Noka Shipping Company, Ltd.

As an authorized representative of Defendant Noka Shipping Company, Ltd., I have read this Agreement and carefully discussed every part of it with Noka's criminal defense counsel. I understand the terms of this Agreement, and voluntarily agree to those terms. Noka's attorney has advised me of Noka's rights, possible defenses, the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. No promises or inducements have been made to Noka other than those contained in this Agreement. No one has threatened or forced Noka in any way to enter into this Agreement.

MINAS MAURIS

MAY 03RD. 2011
Date

Name:
Authorized Representative
Noka Shipping Company, Ltd.
Defendant

13